## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

United States of America,

        Petitioner,

v.

Kenneth R. Lindberg,

        Respondent

_____

Civil No.: 05-cv-2581(MJD/JJG)

**REPORT AND
RECOMMENDATION**

### APPEARANCES

Robyn A. Millenacker, Assistant United States Attorney, for Petitioner

Kenneth Richard Lindberg, pro se, for Defendant

_____

JEANNE J. GRAHAM, United States Magistrate Judge

       The above-entitled matter came on for hearing before the undersigned Magistrate Judge of the District Court on January 24, 2006, on Petitioner's Petition to Enforce IRS Summons (Doc. No. 1). The district court has jurisdiction to enforce internal revenue laws pursuant to 28 U.S.C. §§ 7402(b); 7604(a) and (b). The undersigned United States Magistrate Judge has jurisdiction over this matter pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons set forth below, the Court recommends enforcement of the summons.

## I.      INTRODUCTION

Petitioner, the United States of America, ("Petitioner") seek enforcement of an Internal Revenue Summons against Respondent Kenneth R. Lindberg.  Petitioner is investigating the tax liability of Kenneth R. Lindberg for the 2000, 2001 and 2002 tax years.  (Pet. Enforce Summons, Exhibit A).  On July 22, 2005, Internal Revenue Service Agent Robert Teague ("Agent Teague") served a summons upon Respondent by leaving a copy of the summons at Respondent's last and usual place of abode.  (Id.).  The summons required Respondent to appear before Agent Teague on August 5, 2005, to give testimony and to bring for examination certain books, papers, records and other data described in the summons.  Id. Respondent did not appear on August 5, 2005, as requested in the summons.  (Id.).  On September 27, 2006, Respondent appeared in response to a letter requesting him to appear.  (Id.).   However, Respondent did not provide any of the documents identified in the summons and refused to answer questions.  (Id.).

Petitioner filed a petition to enforce the IRS summons against Respondent, requesting that this Court issue and order directing Respondent to show cause, if any, as to why he cannot comply with and obey the summons, and to issue an order to Respondent to appear before Petitioner to give testimony and produce items requested in the summons.  Petitioner also requested that the Court grant its costs in maintaining this action.

On December 23, 2005, the undersigned issued an Amended Order To Show Cause requiring Respondent to appear and show cause why he should not be compelled to comply with the Internal Revenue Service summons served upon him on July 22, 2005.  At the Show Cause hearing held on January

24, 2006, Kenneth Richard Lindberg appeared, describing his presence as a "special visitation upon the court."

## II.    DISCUSSION

### 1.    Validity of the Summons

The IRS is authorized to make administrative "inquiries, determinations, and assessments" regarding all internal revenue taxes that are owed. 26 U.S.C. § 6201. In connection with such inquiries, the IRS has the authority to summon the person liable for the tax to appear "at a time and placed named in the summons and to produce such book, papers, records and other data, and to give such testimony under oath, as may be relevant or material." 26 U.S.C. § 7602(a)(2). Such summons may be issued for the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining liability or any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability. 26 U.S.C. § 7602(a). However, no summons may be issued or enforced "if a Justice Department referral is in effect with respect to such person. 26 U.S.C. § 7602(d)(1). Thus, a summons issued pursuant to 26 U.S.C. § 7602 is valid only if "issued for the proper purpose and prior to a recommendation for criminal prosecution." Donaldson v. United States, 400 U.S. 517, 536 (1971).

### 2.    Standard for Enforcement of IRS Summons

The United States Supreme Court held in United States v. Powell, that to obtain enforcement of a summons, the IRS must first establish its "good faith" by showing the summons (1) is issued for a proper purpose; (2) seeks information relevant to that purpose; (3) seeks information not already in the possession of the United States; and (4) satisfies all administrative steps required by law with respect to the issuance

and service of the summons have been followed.  379 U.S. 48, 57-58 (1964).  The Government's burden is "a slight one" and typically is satisfied by the introduction of a sworn declaration of the revenue agent who issued the summons establishing that the <u>Powell</u> requirements have been met.  <u>United States v. Dynavac, Inc.</u>, 6 F.3d 1407, 1414 (9th Cir. 1993).  Once a prima facie case is made, a "heavy" burden is placed on the taxpayer to show an abuse of the process or lack of good faith.  <u>Id.</u>

Here, the Government has met its initial burden under <u>Powell</u> through its petition and attached declaration of Agent Teague.  First, the IRS issued the summons for the legitimate purpose of conducting its inquiry into the tax liability of Respondent.  (Petition to Enforce Summons, Ex. A).  Second, the IRS states that the information it seeks is relevant to that purpose.  (<u>Id</u>).  The IRS further states "it is necessary to obtain the testimony and to examine the books, papers, records, or other data sought by the Summons in order to examine the federal individual income tax liability of Kenneth R. Lindberg for the years ended 2000, 2001 and 2002."  (<u>Id</u>).  This Court finds that the information sought by the IRS is both reasonable and relevant to the purpose of investigating Respondent's tax liability.

Third, the IRS has met its burden of establishing its need for this information through its assertion that it does not otherwise have possession of the information it seeks in the summons.  (<u>Id.</u>).  Finally, the IRS states that it has fulfilled all of the required administrative steps under the United States Code.  (<u>Id</u>).  The IRS properly served the summons upon Respondent by leaving it at the front door of his last known address, (<u>id</u>), which is an acceptable form of service.  <u>See</u> 28 U.S.C. § 7603; <u>Mimick v. United States</u>, 952 F.2d 230, 231 (8th Cir. 1991).

Accordingly, the United States  has its burden by presenting evidence through its petition and supporting declaration, that the summons was issued for a legitimate purpose; that the information sought

may be relevant to that purpose; that the summoned information is not already in the possession of the IRS; and that the proper administrative steps have been followed. Therefore, the burden shifts to the Respondent to show an abuse of the process or lack of good faith.

### 3.      Respondent's Position

In response to the Order to Show Cause issued by this Court, Kenneth Richard Lindberg filed several papers with the Court. These papers were filed by Mr. Lindberg on January 9, 2006, and included documents with the following titles: (1) affidavit of specific negative averment, (2) notice of surety and bond, (3) commercial notice-appointment of fiduciary debtor, (4) a copy of the IRS summons with the words "accepted for value ab initio" written across page one in red, and (5) financing statement. On January 10, 2006, Mr. Lindberg filed an amended commercial notice-acceptance of fiduciary debtor, in which he removed the "copyright symbol" (©) from references to the names Kenneth Richard Lindberg and Kenneth R. Lindberg. (See Docket Numbers 4-9).

As noted above, Kenneth Richard Lindberg appeared at the hearing and stated that he was making a "special visitation upon the Court." Mr. Lindberg identified himself as a living soul who is an "agent, lawful man, Creditor, injured third-party intervenor" in the present action between "a Trust" known as Kenneth R. Lindberg and the United States. Mr Lindberg contends that the United States government is a for-profit business entity that creates fictional entities for the purpose of engaging itself with living souls. The Government does so, according to Mr. Lindberg, through commercial paper interactions. Here, Mr. Lindberg argues, the Government created a Trust called Kenneth R. Lindberg, in which both the Government and Mr. Lindberg hold an interest. Mr. Lindberg asserts that this is a fictional entity separate and apart from the living soul. Mr. Lindberg claims, therefore, that the Court has no jurisdiction over him.

While Mr. Lindberg faithfully articulated his position, the Court finds his argument unavailing. Mr. Lindberg cannot simply disclaim association to Kenneth R. Lindberg, this Court and the United States in an attempt to avoid application of and compliance with federal statutes and judicial procedures. Mr. Lindberg has failed to demonstrate to this Court any compelling evidence of an abuse of process by the Government or bad faith on the part of the Government that would disprove the validity of the summons. Because the Government has met its burden under Powell, and the Respondent has failed to sustained his burden in opposing the enforcement of the summons, this Court will recommend that the petition for enforcement be granted.

### 4.     Request for Costs

Costs may be awarded as a prevailing party in actions to enforce IRS summonses under Rule 54(d)(1) of the Federal Rules of Civil Procedure. See e.g., United States v. Garcia, 287 F. Supp.2d 1083, 1088 (N.D.Ca.2003). Rule 54(d)(1) provides that "except when express provision therefor is made in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." As there is no applicable exception to this rule in this case, it is recommended that costs be awarded to the Petitioners. The Government should submit a bill of costs so that a determination may be made as to the appropriate costs.

## III.    CONCLUSION

Based upon the arguments of the parties and the entire file, **IT IS HEREBY RECOMMENDED** that

1.     Petitioner's Petition to Enforce IRS Summons (Doc. No. 1) be **GRANTED**, and that

Respondent Kenneth R. Lindberg/Kenneth Richard Lindberg be ordered to appear for

examination, and provide the requested books, papers, records and data as set forth in the

summons; and that

2.     Petitioner request for an award of costs be **GRANTED**, and that government should

submit a bill of costs so that a determination may be made as to the appropriate costs

Dated: February 21, 2006                              s/Jeanne J. Graham

_____

JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by March 10, 2006.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.