# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

UNITED STATES OF AMERICA,                   Civil File No. 05-2581 (MJD/JJG)

           Petitioner,
v.                                                              **ORDER**

KENNETH R. LINDBERG,

           Respondent.
_____

    Robyn A. Millenacker, Assistant United States Attorney, Counsel for Petitioner.

    Respondent Kenneth R. Lindberg, pro se.

_____

    The above-entitled matter comes before the Court upon Respondent Kenneth R. Lindberg's objections to United States Magistrate Judge Jeanne J. Graham's February 21, 2006 Report and Recommendation ("R & R). In that document, Judge Graham recommended that the United States' Petition to Enforce IRS Summons [Doc. No. 1] be granted.

    Although the Court has construed Respondent's submissions as objections, Respondent has actually filed two separate motions in response to the R & R: (1) Motion to Dismiss Petition to Enforce IRS Summons [Doc. No. 19], and (2) Motion to Quash IRS Summons Directed to Respondent [Doc. No. 21] in addition

to his objections. Respondent also states that he has now abandoned his original arguments made in opposition to the instant motion. [Doc. No. 18.]

In his motions and Memorandum in Support of Respondent's Protection Against Self-Incriminations Under the Fifth Amendment to the United States Constitution [Doc. No. 20], Respondent proffers two basic arguments: (1) that he may invoke his Fifth Amendment privilege against self incrimination to refuse to comply with the summons, and (2) that the summons is only a ruse to obtain information that the IRS will actually use to build a criminal case against him.

The Court has conducted a de novo review of the record, including Respondent's new filings. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.1(c). Based on that review the Court adopts the Report and Recommendation dated February 21, 2006.

### A. Whether the Summons was Proper

The Court agrees with Judge Graham that the Government met its burden to demonstrate that the summons at issue in this case was proper and the Respondent's original arguments were without merit. The Court therefore adopts that portion of the R & R. The Court will next address Respondent's new arguments.

**B.**     **Fifth Amendment**

Respondent argues that if he complies with the summons, he will be forced to incriminate himself in violation of his Fifth Amendment rights. Respondent offers no support for this allegation. The record shows that although Respondent appeared at an interview, he refused to answer any questions. (Teague Decl. ¶ 6.) This was inappropriate. The Fifth Amendment privilege against self incrimination does not encompass a complete refusal to disclose any information about income, and such a blanket refusal amounts to a failure to file tax returns. See United States v. Russell, 585 F.2d 368, 370 (8th Cir. 1978) (citations omitted).

Moreover, by failing to support his claims, Respondent has done nothing more than speculate that he might be forced to incriminate himself. The Fifth Amendment only protects citizens from real dangers, not "remote and speculative possibilities." Zicarelli v. New Jersey State Comm'n of Investigation, 406 U.S. 472, 478 (1972); Baskin v. United States, 738 F.2d 975, 977 (8th Cir. 1984). Thus, if Respondent feels he has legitimate concerns, he needs to appear before the IRS as requested and then specifically claim the privilege on a particular question, and a court must then determine the validity of the claim. See United States v. Daly, 481 F.2d 28, 30 (8th Cir. 1973). Thus, Respondent's Fifth Amendment objections are without merit.

    **C.**    <u>**Criminal Investigation**</u>

Respondent argues that the IRS is only using the summons as an excuse to gather information that will actually be used to build a criminal case against him. Respondent offers no support for this proposition. On the other hand, the record contains the affidavit of IRS Agent Robert Teague in which he states that there is no Department of Justice referral regarding Respondent. (Teague Decl. ¶ 10.) Accordingly, these objections are also without merit.

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) The Report and Recommendation dated February 21, 2006 is **ADOPTED**;

(2) Petitioner's Petition to Enforce IRS Summons [Doc. No. 1] is **GRANTED**;

(3) Respondent Kenneth R. Lindberg/Kenneth Richard Lindberg shall appear for examination, and provide the requested books, papers, records, and data as set forth in the summons;

(4) Petitioner's request for an award of costs is **GRANTED**;

(5) Within thirty (30) days of this Order, the Government shall submit a bill of costs, along with a proposed order, so that the Court may make a proper determination of the amount of costs to be awarded;

(6) Respondent's Motion to Dismiss Petition to Enforce IRS Summons [Doc. No. 19] is **DENIED WITH PREJUDICE**; and

(7) Respondent's Motion to Quash IRS Summons Directed to Respondent [Doc. No. 21] is **DENIED WITH PREJUDICE**.


Date: May 17, 2006                           s / Michael J. Davis
                                             Michael J. Davis
                                             United States District Court