# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

UNITED STATES OF AMERICA,                    Civil File No. 05-2581 (MJD/JJG)

          Petitioner,

v.                                                                              **ORDER**

KENNETH R. LINDBERG,

          Respondent.

---

    Robyn A. Millenacker, Assistant United States Attorney, Counsel for Petitioner.

    Respondent Kenneth R. Lindberg, pro se.

---

    On February 21, 2006, United States Magistrate Judge Jeanne J. Graham issued a Report and Recommendation ("R & R") recommending that the Government's Petition to Enforce IRS Summons (Doc. No. 1) be granted and that the Government be awarded its costs associated with litigating this matter. Respondent filed objections to the R & R along with two other motions, and the Government responded to those submissions. On May 17, 2006, the Court adopted the R & R and denied Respondent's motion to dismiss the Government's motion to enforce IRS Summons. (Doc. No. 23.) The Court ordered Respondent to appear for examination with the IRS; granted the Government's request for an

award of costs; and ordered the Government to submit a bill of costs to allow the Court to make a proper determination of the amount of costs to be awarded. Pursuant to that order, the Government has filed a motion for attorney fees (Doc. No. 29) and a bill of costs detailing the attorney hours expended in this case.

In response to the Government's submission, Respondent has filed two documents: (1) Motion in Opposition of Attorney Fees (Doc. No. 31); and (2) Motion to Produce Required Findings of Fact (Doc. No. 32). In his Motion in Opposition to Attorney Fees, Respondent argues that the Government is not entitled to an award of attorney fees because it failed to specify the statute, rule, or other grounds entitling it to the award pursuant to Rule 54(d)(2)(B). In his Motion to Produce Required Findings of Fact, Respondent again argues that the Government has not specified the grounds that entitle it to an award of attorney fees and avers that he cannot properly appeal any award of attorney fees without knowing upon what basis the Court awards the fees.

First, Respondent's allegation that the Government does not specify the basis for an award of fees is without merit. The Government stated that it filed its Motion for Attorney Fees pursuant to the Court's May 17, 2006 order. Under the Federal Rules of Civil Procedure, motions for attorney fees "must specify the . . . rule, or other grounds entitling the moving party to the award." Fed. R. Civ. P.

54(d)(2)(B). The Government's statement satisfies the "other grounds entitling [it] to the award" requirement.

Moreover, the Government's requested fees are reasonable. But for Respondent's refusal to comply with the IRS summons, there would be no litigation and the Government would not have incurred legal costs. Thus, it is proper that Respondent bear these costs. Furthermore, in the Court's experience, the hours specified and the rates charged are reasonable. See McDonald v. Armontrout, 860 F.2d 1456, 1459 (8th Cir. 1988) (examining a request for attorney fees under 42 U.S.C. § 1988 and reasoning that an attorney's ordinary billing rate is not conclusively reasonable, but rather should be compared to the usual and customary fee for similar work in the community). Accordingly, the Court awards the Government $2157.90 in fees associated with its Motion to Enforce IRS Summons.[1]

Second, Respondent's request for findings of fact is also without merit. The R & R, the Court's May 17, 2006 order, and this order explain the Court's reasons for granting the Government's Petition to Enforce IRS Summons and for awarding attorney fees. Therefore, the record is sufficient for appeal.

---

[1] The Government seems to use the phrases "attorney fees" and "costs" interchangeably. The Court assumes this is a result of being ordered to file a "bill of costs." That order was not intended to limit the type of relief available, and the Government's request for attorney fees is appropriate.

Finally, the Court notes that after it filed its May 17, 2006 order adopting the R & R, Respondent filed additional objections to the R & R. The Government responded to these objections on June 9, 2006. Respondent's objections are untimely. Moreover, even if they were timely, the objections do not raise any new issues, and therefore would not change the Court's decision.

**IT IS HEREBY ORDERED**:

1. The Government's Motion for Attorney Fees [Doc. No. 29] is **GRANTED**;

2. The Government is awarded $2157.90 in costs and fees associated with its Motion to Enforce IRS Summons;

3. Respondent shall tender $2157.90 to the Government within thirty (30) days of this Order;

4. Respondent's Motion in Opposition of Attorney Fees [Doc. No. 31] is **DENIED**; and

5. Respondent's Motion to Produce Required Findings of Fact [Doc. No. 32] is **DENIED AS MOOT** since the Court has explained its reasons for granting the Government's Petition to Enforce IRS Summons and for awarding attorney fees.

Date: July 26, 2006                                s / Michael J. Davis
                                                   Michael J. Davis
                                                   United States District Court